The LUBRIZOL
CORPORATION, Plaintiff,

v.

EXXON CORPORATION, Defendant.

No. C84–1064.

United States District Court,
N.D. Ohio, E.D.

Feb. 15, 1985.

Kenneth Adamo, Hal D. Cooper, Jones, Day, Reavis & Pogue, Cleveland, Ohio, for plaintiff.

Lawrence F. Scinto, David Ryan, Fitzpatrick, Cella, Harper & Scinto, New York City, George Karch, William Wallace, Thompson, Hine & Flory, Cleveland, Ohio, for defendant.

## ORDER

BATTISTI, Chief Judge.

On February 6, 1985, the Court issued a Rule 26(f) Order which was to become effective immediately upon the signing of a modified protective order agreed upon by the parties; the protective order was to be signed no later than 5 days from the date of the hearing on February 6, 1985. In addition, the Court ordered the parties to remove Roger Hsu and other members of Lubrizol's Management Committee from inspection of Exxon documents and to hire an independent or non-affiliated consulting firm if needed to analyze and inspect the documents. Above all, the Court emphasized that the parties were to "work it out" within five days without further Court intervention.

Unfortunately it appears the parties have failed to come to agreement on the modified protective order and more generally failed to act in a reasonable and cooperative spirit. Late in the day on February 11th, the Court received a letter from Lubrizol's counsel and early the next day received a letter dated February 11th from Exxon's counsel. Each letter indicated that the parties had disagreed about the terms of the protective order; counsel had attached a copy of their respective client's proposal for the protective order. Once again, the Court has been called upon to act in the face of the parties inability to agree.

In a letter dated February 12, 1985, Robert Hoerner, counsel for Lubrizol, identified three Lubrizol employees who will assist counsel in inspecting documents. In a phone conversation between Robert Hoerner, George Karch (Exxon's counsel) and the Court held on the afternoon of February 12, 1985, Mr. Karch stated that of the three Lubrizol employees, Exxon's objection was to Walt Adams. Karch stated that Exxon believed Walt Adams was a close associate of Roger Hsu and was involved in management decisions at Lubrizol. Mr. Hoerner denied that Adams was involved in management and that his pri-

mary value in the document inspection was as a technical expert.

The Court, being informed of the problem and person at issue, is forced to act. Throughout the lengthy, detailed and contentious discovery battles which have plagued this case, it has been emphasized that the parties would be better served if they worked out agreements since the Court may not have the time or expertise to acquaint itself with the many technical details and consequences of particular actions involved in this case.[1] However, the parties have not even after the Court's February 6th Order been persuaded by this logic which promotes not only economies and substantial justice but prevents rancor and frustration for counsel themselves.

It is not a question of deciding which party or counsel to believe, whether Mr. Adams is a management participant or simply an employee with technical expertise. The Court will not embark on such an inquiry. Rather, this is an issue which is easily soluble. It is simple enough to substitute another individual or a third-party consulting firm to take Adams' place. Given the ease of this solution, it is a wonder that counsel would fight over the issue so fiercely and at such length.

Therefore, the Court is given no alternative but to rule that Walt Adams of the Lubrizol Corporation like Roger Hsu and other Luberizol Management Committee Personnel will be excluded from the inspection of Exxon documents turned over by February 25, 1985. Lubrizol in light of this decision may hire a consulting firm or other non-affiliated party to provide any technical assistance lost by the exclusion of Walt Adams. Any other Lubrizol employee who is designated to replace Walt Adams must not be a participant in Lubrizol management. Exxon will exercise no additional veto powers over the inspection team since the only individuals to inspect the documents have been identified in Lubri-

zol's February 12th letter; of course, Lubrizol will be held to the representations it has made to Exxon and the Court in that letter regarding the Lubrizol employees who are members of the inspection team. If Lubrizol hires a third-party or another individual who does not participate in Lubrizol management to replace Adams, they will notify Exxon in advance of the date the Exxon documents are turned over. All other provisions of the modification of the Stipulated Protective Order agreed to by the parties are retained.

The entry of this Order makes effective the Court's Rule 26(f) Order of February 6, 1985. The parties are reminded that they are to adhere strictly to the dates and provisions of the February 6th Order. The Court finds it regrettable that discovery in this action has been accompanied by such intransigence and delay. As the disagreements over the modified protective order most recently indicate, counsel appear unable to negotiate without heaping papers upon the Court and invoking its aid.

The Federal Rules aspired to something better and more is expected from counsel. Counsel are reminded of the allusion from the bench at the February 6th hearing that dilatory and contentious conduct requiring Court intervention flies in the face of the Federal Rules and may prompt the imposition of Rule 37(b) sanctions against the parties or counsel themselves. The Court is confident that counsel are aware of this and with this understanding will discharge their responsibilities to their clients and the Court.

IT IS SO ORDERED.

---

1. This statement is not to suggest that the Court is unwilling or unable to prepare itself prior to a decision. Indeed, the Court displayed its desire to proceed and its command of the facts and issues at the February 6, 1985 discovery hearing. Rather, the point is that such an "education" of the Court takes time and great expenditure of legal and other resources; hence results can be obtained faster and less expensively without Court intervention.